W. S. Heard et al. v. Hugh Thrasher et al.

No. 1201. Decided April 6, 1903.

**Note—Lien—Set-Off—Expenses of Protection.**

Notes given for land were made subject to deduction of any expense the maker was put to in protecting himself against an outstanding lien secured also by mortgage upon other property which was bid in by the maker of the notes on foreclosure sale. Held, that he was not entitled to set off, in suit on his notes, as expense in protecting himself, taxes accrued against the property before his purchase and paid by him, or repairs made on the property, or attorney's fee for examining its title, he standing in the same attitude as if a third person had purchased the property for the amount he bid. (Pp. 382, 383.)

Error to the Court of Civil Appeals for the Third District, on writ of error to McLennan County.

Heard and others sued Thrasher and Hall on notes and for foreclosure. Defendants had judgment, which was affirmed on writ of error, and plaintiffs thereupon procured writ of error from the Supreme Court.

*Prendergast & Sanford* and *Claude V. Birkhead,* for plaintiffs in error.—The court erred in holding that in paying off said Moore $1000 note said Thrasher had to pay more than the balance due on said two notes sued on.

The court erred in holding that said Thrasher in buying in and getting the Sink place under the sale by Ben Alexander, the agent and trustee of Adams and wife, received and got more than the amount due on the Moore $1000 note, and therefore Thrasher was not put to any expense in protecting himself against the payment of said $1000 note, and was therefore liable to plaintiffs for the balance due on the notes sued on; and said court as a consequence erred in not rendering judgment against defendants in favor of plaintiffs for the balance due on the notes sued on and foreclosing their lien, as prayed by them.

The court erred in holding that in paying off said Moore $1000 note said Thrasher had to pay more than the amount of said two notes sued on, because the uncontradicted evidence by Thrasher himself shows that he had to pay Adams and wife only $1119 in full of said Moore $1000 note. That he got the Sink place at $775, so that he was out only $344 when the notes sued on aggregated, principal, only $500, and therefore the court erred in not rendering judgment in favor of plaintiff against defendants in any contingency for the difference between $500 and $344, together with interest and attorney's fees on said amount as shown by the terms of the notes sued on, and foreclosing the lien on the said 150 acres of land.

The court erred in holding that in paying off said Moore $1000 note said Thrasher had to pay more than the amount of the two notes sued on, because the uncontradicted evidence shows, and the evidence of

Thrasher himself shows, he had to pay Adams and wife only $1119, in full of said Moore $1000 note. That he got the Sink place at $775, so that would make him out the difference between $1119 and $775, which would be $344. Then allowing him all taxes he claimed he paid, $18.45, and the attorney's fee he paid Ewing, $10, and even $3.45 repairs on the Sink property, and $27.25 taxes for 1896 and $5.50 costs thereon, which he had not paid, and $31.80, his estimate of what the taxes for 1898 and 1899 would be, and $15.96, taxes for 1900—none of which he had paid, and none of which should be taken out of the notes sued on; and yet, after allowing him all this, he would still be due a balance of $17.79 of the principal, besides the interest and attorney's fee on the notes sued on—and therefore the court erred in not rendering judgment for plaintiffs for at least this amount.

*Richard I. Monroe,* for defendants in error.—The court did not err in holding for defendant and that he was put to a greater expense in protecting himself against the Moore note of $1000 than the amount sued for by plaintiffs and belonging to them in the notes sued on, since the amount sued for and claimed to belong to plaintiffs was only $345, besides interest and attorney's fees, and this was less than the expense Thrasher had been put to in protecting himself against the note of $1000.

BROWN, ASSOCIATE JUSTICE.—J. S. Hall was the owner of 150 acres of land of the S. P. Wilson survey in McLennan County described in plaintiff's petition, which land was incumbered by a mortgage given by J. I. Moore to secure a note for $1000 then held by Minnie Adams. Hall did not assume that note, but Moore executed to Hall a deed of trust upon a place in Waco known as the Sink place to secure the said Hall against the enforcement of the $1000 note upon the land conveyed to him by Moore. On the 1st day of November, 1897, J. S. Hall conveyed the land to Hugh Thrasher, and, to secure a part of the purchase money, Thrasher executed to Hall two notes of that date; one for $200 which contained this statement: "This note is collectible only when the $1000 due and owing by J. I. Moore against said land shall be paid by said Moore or some one for him." The other note was for $300. Hall transferred to Thrasher a deed of trust given to him by Moore on the Sink place, and Hall and Thrasher entered into a written agreement which recited the sale of the land by Hall to Thrasher, the execution of the two notes and the transfer of the deed of trust on the Sink place, as well as the existence of the prior mortgage before mentioned, and provided as follows: "If Moore paid or caused to be paid said $1000 without expense to Thrasher he was then to pay said $200 and $300 notes, but should Moore fail or refuse and Thrasher be put to any expense to protect himself, such expense to be deducted from the said $200 and $300 notes and he pay Hall only the balance thereon." Hall had released to Moore the deed of

trust given to secure the payment of the $1000 note on the 19th day of February, 1897, which release was duly recorded at once.

J. I. Moore did not pay the $1000 note, but renewed the same from time to time and it was extended by the owner thereof upon a valuable consideration paid by Moore.

On February 19, 1897, J. I. Moore executed to Ben Alexander, as trustee, a deed of trust conveying to him the Sink place for the purpose of securing Mrs. Adams and Frazier against the said $1000 note. The deed empowered the trustee to sell the land in case Moore failed to pay the money. Moore having failed to pay the $1000 and demand being made for the sale of the property by Minnie Adams, the owner of the note, the trustee advertised and sold the Sink place in accordance with the terms of the said deed of trust, which was purchased by Hugh Thrasher for the sum of $775. The Sink place was worth at least $1200 at the time Thrasher purchased it.

The $200 note was paid except the sum of $75, and the two notes belonged to the plaintiffs in error at the time suit was brought. This suit was instituted against Hugh Thrasher as maker and Hall as indorser of the two notes and to enforce the vendor's lien upon the 150 acres in the S. P. Wilson survey. Thrasher pleaded the facts before stated, and that he had been compelled to pay for his protection a sum greater than that which was due upon the said notes, wherefore he claimed that nothing remained due thereon. Thrasher testified that on the 3d day of July, 1900, he paid to Mrs. Adams $1119 in satisfaction of the note for $1000 and that he afterwards paid $18.45 taxes on the "Sink place," $3.45 for repairs made on the property since he bought it, and $10 to an attorney for examining the title to the property. There were still due and unpaid, city taxes on the Sink place, the following sums: for 1896, $27.25 and $5.50 costs; for 1897, $29.25. That the taxes were not assessed for the years 1898 and 1899, but the taxes for each year would be $15.90, and for 1900, $15.96. All of the $200 was paid except $75 of the principal, of which Hall transferred $45 to G. W. Hathaway retaining $30 thereof. Hall transferred $235 of the principal of the $300 note to W. S. Heard, and the remainder, $65, to J. C. Birkhead. It was agreed between Hall and his several assignees that any claim of Thrasher for expenses should be first taken out of the $200 note, and if not satisfied, then out of Birkhead's interest in the $300 note, before the interest of Heard should be so appropriated.

The case was tried without a jury before the judge, who held that Thrasher had incurred expenses more than equal to the balance due on the notes and gave judgment for Thrasher.

The trial court erred in its judgment by allowing the defendant Thrasher as set-off against the notes sued on the sum paid by him for taxes which accrued against the property before his purchase and for taxes which had not been paid by Thrasher as well as for the attorney's fee paid by Thrasher for the examination of the title to the Sink place

and the amount paid for repairs made by him upon the said place after his purchase. Thrasher stands in the same attitude as if another person had purchased the property and had paid the sum of $775 to Mrs. Adams, Thrasher paying the balance of the note. The taxes, attorney's fee and repairs were not, in any sense, within the terms of the contract which allowed Thrasher such sum as he might be compelled to pay to protect his land against the $1000 note. The only sum that he paid for that purpose was the balance remaining unpaid upon that note after the price of the Sink place was credited upon it. Deducting $775 from the amount, $1119, paid by Thrasher on July 3, 1900, there would remain $344 which Thrasher had the right to have credited upon the two notes. Of the principal of the two notes, given for the purchase money of the 150 acres of land, there remained unpaid $375 with interest from the first day of November, 1897, to the 3d day of July, 1900, say $473.19. Deduct the $344 paid to Mrs. Adams, and there remained on July 3, 1900, $129.19, balance upon said notes.

Since the testimony of Thrasher establishes all the facts necessary to enter judgment in this case, this court will reverse the judgment herein and render such judgment as the District Court should have rendered.

It is alleged by the plaintiffs that by agreement among themselves, as the holders of the said notes, and Hall, that any sum which Thrasher might be entitled to as a set-off should be first taken out of the $200 note, and if that should not be sufficient, then the balance should be taken out of the interest of J. C. Birkhead before the interest of W. S. Heard could be appropriated for that purpose. It is undisputed that the notes were given for a part of the purchase money of the land described in the plaintiff's petition. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be and the same are hereby reversed, and judgment is entered that the plaintiffs recover of Hugh Thrasher and J. S. Hall the sum of $129.19 with 10 per cent interest from the 3d day of July, 1900, to this date, and 10 per cent thereon for attorney's fees. It is also ordered that the vendor's lien of the said notes be foreclosed upon the land described in plaintiff's petition and that the clerk of the District Court of McLennan County issue an order of sale to the proper officer directing him to sell said land as under execution, and that after paying the costs of court and the cost of executing the writ he shall pay out of the balance, if any, the amount of this judgment and interest to W. S. Heard, paying whatever may remain to the defendant Hugh Thrasher. It is further ordered that the plaintiffs in error recover from the defendants in error, Hugh Thrasher and J. S. Hall, all costs in all of the courts.

*Reversed, reformed and rendered.*